DUPONT, PLAINTIFF AND APPELLANT, v. AYBAR, DEFENDANT
AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for
the Correction of Records of Marriage and Death.

No. 1593.—Decided May 24, 1917.

CIVIL REGISTRY—CORRECTION OF RECORDS—ACKNOWLEDGMENT.—A court cannot
order the rectification of records in the civil registry concerning the marriage
and death of a person in order to show the status of acknowledged natural
child of a putative father who is plaintiff, unless there is a document at-
testing the acknowledgment in a solemn and authentic manner, and, there-
fore, a complaint praying for an order for such correction by the entry
of a marginal note does not state facts sufficient to constitute a cause of
action when it does not contain any allegation regarding the acknowledgment
of natural filiation by the presumed father in the manner stated.

ID.—ID.—PUBLIC DOCUMENTS—THIRD PERSON—FILIATION.—The mention of the
filiation of a person in the record of his marriage without stating its class,
which involves the idea of legitimate filiation, and the mention of his
legitimate filiation in the record of his death, in which records no part
was taken by the presumed natural father and plaintiff who seeks to have
them corrected, are not conclusive proof that such person was the legitimate
child of the putative father. Such errors neither favor nor prejudice him,
for the records of the marriage and death of a person, although public
documents, only serve to show, as against a third person taking no part
therein, the facts which give rise to their execution; that is to say, of the
marriage and death and the dates thereof, according to section 1186 of
the Civil Code.

The facts are stated in the opinion.
Mr. Angel A. Vázquez for the appellant.
Mr. Abraham Peña for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

On October 4, 1916, Gregorio Dupont filed a complaint in
the District Court of Mayagüez, the fundamental allegations
of which are as follows:

That Silvestre Dupont contracted marriage with Inés Rita
Aybar on March 10, 1908, and in the marriage certificate
recorded in the civil registry of said city declared that he
was the son of the plaintiff and Francisca Segarra, without
specifying the class of filiation; that Silvestre Dupont died
on April 25, 1915, and it was mistakenly set out in the death

certificate that he was the legitimate son of the plaintiff and Francisca Segarra, whereas he was only a natural son; that on November 30, 1915,. the District Court of Mayagüez adjudged defendant Inés Rita Aybar to be the sole and universal heir of Silvestre Dupont; that Silvestre Dupont was not the legitimate or legitimatized son of Gregorio Dupont and Francisca Segarra, for they never married, but was conceived and born while his parents were single and in a position to marry without dispensation; that Silvestre Dupont was born on December 31, 1880, in the house of the plaintiff and was baptized in the parish church of Mayagüez, for which purpose the plaintiff himself, as father of the child, presented it to the priest of the said church, but by involuntary neglect no entry was made concerning the birth and baptism of said Silvestre Dupont in the records of said church; that the errors committed in the certificates of marriage and death of Silvestre Dupont are material as affecting the rights of the plaintiff as natural father of Silvestre and he is interested in the correction thereof because he has other natural children.

The complaint concludes with a prayer that judgment be rendered ordering the official in charge of the Civil Registry of Mayagüez to correct the certificates of marriage and death of Silvestre Dupont by entering marginal notes upon each, stating that Silvestre Dupont was the acknowledged natural child of Gregorio Dupont, with costs, disbursements and attorney fees against the defendant.

The defendant, Inés Rita Aybar, demurred to the said complaint on the ground that the plaintiff is incapacitated to sue; that the complaint does not state facts sufficient ·to; determine a cause of action, and that according to articles 133 and 137 of the Civil· Code of 1889, sections 193 and 194 of the Revised Civil Code, Temporary Provision No. 4 thereof and Law XI of Toro, the plaintiff's action is barred by limitation.

On December 7, 1916, the court entered an order sustaining the demurrer on the ground that the complaint does not

state facts sufficient to constitute a cause of action, basing its ruling on the ground "that in the complaint filed the plaintiff prays that certain corrections be made in the certificates of the marriage and death of Silvestre Dupont, which corrections *per se* imply his acknowledgment as the natural son of the plaintiff with all the rights inherent to the status of natural father, or the right to inherit his estate, the plaintiff thus, under pretense of such corrections, bringing an action of filiation which does not even exist under our laws."

On the following day—December 8—the court, on motion of the plaintiff, rendered judgment ordering, in harmony with its said ruling, the dismissal of the action, from which judgment the attorney for the plaintiff took the present appeal to this court.

The appellant alleges that the court erred in holding that the complaint does not state facts sufficient to determine a cause of action. He maintains that the complaint does not establish an action of filiation, for such an action by the parents with relation to their children does not exist under our laws, the parents being allowed only to make a solemn declaration regarding the birth of a natural child, and claims that what he seeks is the correction of the records in the civil registry of the marriage and death of Silvestre Dupont by means of proceedings in a court of jurisdiction.

According to the averment of the plaintiff, he does not ask to be adjudged the natural father of Silvestre Dupont, but to rectify the certificates of the marriage and death of the latter by inserting therein that he is the acknowledged natural son of the plaintiff. Such corrections cannot be ordered unless there exists a document showing in a formal and authentic manner that the plaintiff acknowledged the filiation of Silvestre Dupont. The complaint contains no allegation that the plaintiff acknowledged Silvestre Dupont to be his natural son in the manner stated and, therefore, is fatally defective for **the end desired; namely,** to cause the natural

filiation of Silvestre Dupont in relation to the plaintiff to be shown in the civil registry.

We fail to see that the errors in the marriage and death certificates, the correction of which is sought by Gregorio Dupont, may cause him any real and effectual injury, for the filiation of Silvestre Dupont, without stating its class, stated in his marriage certificate, which implies legitimate filiation (*Díaz* v. *Porto Rico Ry. L. & P. Co.,* 21 P. R. R. 73) and the legitimate filiation of the said Silvestre mentioned in his death certificate, in the execution of which the plaintiff took no part, are not conclusive evidence of the legitimate filiation of Silvestre Dupont in relation to his putative father.

According to section 1186 of the Civil Code, said certificates, being public documents, only serve as evidence against the plaintiff, who took no part therein, of the facts which gave rise to their execution and of the dates of the same— that is, of his marriage and death—and the statements that appear therein regarding the legitimate filiation of Silvestre Dupont, which is disputed by the plaintiff, neither favor nor prejudice him, admitting, as we must, that Gregorio Dupont and Francisca Segarra never ·contracted marriage.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.